## Richmond

LYNCHBURG FOUNDRY COMPANY, ET AL.

v.

GARFIELD GOAD

No. 0614-92-2

Decided February 16, 1993

COUNSEL

J. Gorman Rosenberger, Jr. (Wilson, Garbee & Rosenberger, on brief), for appellants.

Edmund R. Michie (Michie, Hamlett, Lowry, Rasmussen & Tweel, P.C., on brief), for appellee.

OPINION

**ELDER, J.**—Lynchburg Foundry Company and its carrier, Argonaut Insurance (hereinafter referred to collectively as the employer), appeal from the commission's award of benefits for home health nursing services. Employer contends that the services were not necessary within the meaning of the Virginia Workers' Compensation Act. Specifically, the employer contends that the full commission erred in finding that the home nursing care authorized by appellee's doctor was "necessary" as required by Code § 65.2-603. It also claims that the commission erred in awarding attorney's fees to appellee. For the reasons that follow, we affirm the decision of the commission on the merits and reverse as to the award of attorney fees against the employer.

On October 31, 1989, in the course of his employment, appellee sustained burns on his right arm. Employer accepted the injury as

compensable, and appellee received medical treatment, which included hospitalization. Appellee's treatment, which continued after his discharge from the hospital, required the regular changing of his dressing. After appellee's discharge, his treating physician, Dr. Chavis, ordered that he have his dressing changed on a daily basis by "a qualified nurse . . . using aseptic technique." Dr. Chavis made arrangements for these services to be provided by Home Health Plus, a home care nursing service. Accordingly, from November 16, 1989, to January 4, 1990, employees of Home Health Plus home nursing service came to appellee's home to change his dressing, for a total of forty-one visits at a cost of $78 each. During that same period of time, however, appellee also traveled to Dr. Chavis' office for weekly examinations. The uncontradicted evidence showed that appellee's medical condition did not prevent him from leaving his home to have the dressing changed at some other location at a lower cost—his employer's medical facility, or at his doctor's office (at a cost of $20). Employer did not learn of the home visits until after they had ceased. However, employer's human resources manager and plant nurse testified that they knew appellee would need regular medical attention for dressing changes.

The deputy commissioner held that the services were both authorized by the attending physician and necessary to the treatment of appellee's injury. Although home treatment may not have been necessary, changing of the dressing in an aseptic manner was necessary. Accordingly, the deputy commissioner held that appellee was entitled to compensation for that treatment. Also, because the deputy commissioner held that employer defended the matter without reasonable grounds, he granted appellee's request for attorney's fees. On appeal, the commission affirmed the deputy commissioner's decision and adopted his findings of fact and conclusions of law. It also awarded additional attorney fees to appellee for the continued unreasonable defense of the employee's application for compensation.

■ Upon appellate review, this Court must construe the evidence in the light most favorable to the party prevailing below, *Crisp v. Brown's Tysons Corner Dodge, Inc.*, 1 Va. App. 503, 504, 339 S.E.2d 916, 916 (1986), and the findings of fact made by the Workers' Compensation Commission will be upheld when supported by credible evidence. *James v. Capitol Steel Constr. Co.*, 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). However, the question of whether the disputed medical treatment was necessary within the meaning of Code

§ 65.2-603 is a mixed question of law and fact. *See, e.g., City of Salem v. Colegrove*, 228 Va. 290, 293, 321 S.E.2d 654, 656 (1984) (holding reviewable, as mixed question of law and fact, determination that college education was not "reasonable and necessary vocational rehabilitation training service" under former Code § 65.1-88). Accordingly, the commission's conclusion as to the necessity of home treatment for the changing of appellee's dressing is not binding upon this Court. *Id.* However, both the purposes of the Workers' Compensation Act and the equities of the situation guide us in affirming the commission's award.

The evidence shows that periodic dressing changes were medically necessary as a result of appellee's compensable injury. In order to effect those changes following appellee's discharge from the hospital, Dr. Chavis, the attending physician, ordered home health care from Home Health Plus. The evidence also shows, however, that appellee's medical condition did not require that the treatment be rendered in his home. Because this treatment *was* provided in appellee's home, however, the cost of the service was at least three times as much as the cost had the service been performed at the doctor's office or the place of employment. Employer contends that the treatment was not medically necessary as defined in Code § 65.2-603 because it did not need to be done in the home.

■ The purpose of the Virginia Workers' Compensation Act

is to provide compensation to an employee for the loss of his opportunity to engage in work, when his disability is occasioned by an injury suffered from an accident arising out of and in the course of his employment. The Act should be liberally construed in harmony with its humane purpose.

*Barnett v. D. L. Bromwell, Inc.*, 6 Va. App. 30, 33-34, 366 S.E.2d 271, 272 (1988) (citations omitted). Following a compensable injury,

the employer shall furnish . . . a physician chosen by the injured employee from a panel of at least three physicians selected by the employer and such other necessary medical attention. . . . The employee shall accept the attending physician. . . , and in addition, such surgical and hospital service and supplies as may be deemed necessary by the attending physician or the Commission.

Code § 65.2-603(A)(1). Employer does not dispute that the periodic changing of appellee's dressing was necessary as a result of the accident. "So long as a causal relationship between the industrial accident and the . . . [treatment rendered] is shown, the employer is financially responsible for the medical attention which the attending physician deems necessary, subject to review by the Commission." *Jensen Press v. Ale*, 1 Va. App. 153, 159, 336 S.E.2d 522, 525 (1985). Although treatment at appellee's home may not have been necessary, changing of the dressing itself was medically necessary, thereby requiring payment by the employer.

The evidence shows that appellant's human resources manager, Raymond Howell, who served as a liaison with the Workers' Compensation Commission and health care providers, was aware that treatment of appellee's burn would require periodic dressing changes, and that he assumed the attending physician, Dr. Chavis, had made the necessary arrangements. Employer's nurse, Mary Miller, gave similar testimony. Based on their knowledge that Dr. Chavis was treating appellee, neither made any attempt to arrange for dressing changes at employer's plant. Clearly, this home treatment was authorized by Dr. Chavis, and the fact that he later stated that it was not necessary to have the treatment rendered *at home* does not shift the payment burden to appellee. The record contains no evidence from which this Court could conclude that appellee had any knowledge that the treatment was excessive or unnecessary so that he should have refused to accept it or requested an alternate, less costly form of care. In addition, if he had refused such services, his refusal might have been deemed "unjustified" under Code § 65.2-603(B), which could have barred him from receiving additional compensation for his injury.

■ As discussed by the deputy commissioner in his opinion, the cases cited by employer do not require a different result because they are both factually and legally dissimilar. In *Warren Trucking Co. v. Chandler*, 221 Va. 1108, 1114, 277 S.E.2d 488, 492 (1981), the Court considered whether "services performed by [a] spouse in attending to the needs of the disabled claimant qualify as 'other necessary medical attention' within the meaning of Code § 65.1-88." It noted that "nursing services, whether rendered in a hospital or at home, are included among the medical benefits that an employer and insurer must furnish, provided the services are necessary and authorized." *Id.* at 1115, 277 S.E.2d at 492-93. Although employer argues that the services rendered .here were not necessary because they did not need to be provided at

home, we conclude that the necessity requirement has been met. The treatment itself was necessary, and the manner of delivering the treatment was authorized. The fact that the treating physician authorized delivery of the necessary treatment in a manner that was not the most economical is not the issue. Likewise, the treating physician's later admission that the treatment could have and should have been provided in a less expensive manner does not shift the burden of paying for services already provided.

Employer also cites the Supreme Court's holding in *Insurance Management Corp. v. Daniels*, 222 Va. 434, 281 S.E.2d 847 (1981), in support of its assignment of error. In that case, the Court concluded that the employer was not responsible for the charges incurred by claimant incident to liposuction because the claimant's obesity, although it may have hindered her recovery, was unrelated to her industrial accident. *Id.* at 439, 281 S.E.2d at 849. In the case at bar, by contrast, the disputed charges were incurred for a service that was directly linked to appellee's work-related accident, and not to some pre-existing condition for which appellee was responsible. Accordingly, the holding in *Daniels* does not mandate reversal of the commission's decision.

■ Employer also assigns error to the commission's award of attorney's fees. Under Code § 65.1-101, in effect at the time of this proceeding,

> the [Workers' Compensation Commission may] assess an employer who has defended any proceeding without reasonable grounds the whole costs of the proceedings, including a reasonable attorney's fee. Assessment of costs and attorney's fee is not required in every defense of a proceeding without reasonable grounds. Assessment is left to the sound discretion of the Commission. We will not disturb the administrative assessment of costs or attorney's fees unless there is an abuse of discretion.

*Jensen Press*, 1 Va. App. at 159, 336 S.E.2d at 525-26. The deputy commissioner concluded in this case, and the full commission agreed,

> that this matter was defended . . . without reasonable grounds. Because the employer failed to provide the needed service through its plant nurse, the claimant had no choice but to accept the arrangement of his attending physician, upon whom he, quite properly, relied. He, similarly, had no choice but to retain counsel

and file for a hearing after the defendant refused to accept responsibility for the resultant charges. Under such circumstances, the expenses of his legal representation [before both the deputy commissioner and the full commission] shall be the responsibility of the defendant.

Our case law holds that whether the employer defended a proceeding without reasonable grounds is to be judged from the perspective of the employer, not the employee. "If an employer refuses to pay a claim, reasonably believing that it is not compensable, and in the course of its investigation the grounds for refusal are not so contradicted as to be shown unfounded, then the subsequent defense is reasonable, even if it is later proven misplaced or in error." *Volvo White Truck Corp. v. Hedge*, 1 Va. App. 195, 201, 336 S.E.2d 903, 907 (1985) (citing *Norfolk Dep't of Fire v. Lassiter*, 228 Va. 603, 605, 324 S.E.2d 656, 657-58 (1985)).

In this case, the employer could reasonably have believed that it had no responsibility to pay for the cost of home treatment because only one prong of the "necessary and authorized" test had been met: although the treating physician originally authorized home treatment, he readily admitted that rendering the treatment *at home* was not medically necessary. Although we have rejected employer's argument, the merits of that argument are an appropriate consideration in our review of the attorney fee award. On this basis, we conclude that the commission abused its discretion in granting appellee's request for attorney fees. For the same reason, we conclude that appellee is not entitled to an award of attorney fees based on his appeal to this Court.

For the foregoing reasons, we affirm the decision of the commission on the merits but reverse its decision as to the award of attorney fees against the employer.

*Affirmed in part and reversed in part.*

Fitzpatrick, J., and Moon, J., concurred.