COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bumgardner and Lemons


ROBERT M. ANSELMO
                                    MEMORANDUM OPINION[*]
v.    Record No. 2503-98-3               PER CURIAM
                                        MAY 4, 1999
CHERRYDALE MOTORS, INC. AND
 HURON INSURANCE COMPANY


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         (Philip F. Hudock, on briefs), for appellant.

         (Matthew W. Broughton; Mary Beth Nash;
         Gentry, Locke, Rakes & Moore, on brief), for
         appellees.


     Robert M. Anselmo ("claimant") contends that the Workers'

Compensation Commission ("commission") erred in finding that (1)

he failed to prove that the home health care services provided to

him in the home of Jule Walowac did not qualify as "other

necessary medical attention" under Code § 65.2-603; (2) Cherrydale

Motors, Inc. and its insurer (hereinafter referred to as

"employer") were not estopped from denying payment for at least

four hours per day of Walowac's care based upon employer's written

and/or oral admissions; and (3) claimant was not entitled to an

award of attorney's fees under Code § 65.2-713(A).  Upon

reviewing the record and the briefs of the parties, we conclude

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

that this appeal is without merit.  Accordingly, we summarily affirm the commission's decision.  See Rule 5A:27.

I. and II.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us.  See Tomko v. Michael's Plastering. Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

Code § 65.2-603 (formerly Code § 65.1-88) provides that "[a]s long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, a physician . . . and such other necessary medical attention."  In Warren Trucking Co. v. Chandler, 221 Va. 1108, 1116, 277 S.E.2d 488, 493 (1981), the Supreme Court set forth the standards to be applied in determining what constitutes "other necessary medical attention."  One of those standards requires that "the medical attention is performed under the direction and control of a physician, . . . [who] must state [that] home nursing care is necessary . . . and must describe with a reasonable degree of particularity the nature and extent of duties to be performed by the [aide]."  Id.  In addition, "the care rendered by the [aide] must be of the type usually

rendered only by trained attendants and beyond the scope of normal household duties." Id. In ruling that claimant's evidence failed to meet these two requirements, the commission found as follows:

> [I]f Dr. [Charles B.] Jackson ever specified particular treatment or other activities that Jule Walowac was to perform, we have been unable to find that in this record. The comments made by Dr. Jackson in his March 21, 1997 and May 1, 1997 letters are too general to meet the standard required by Chandler. In Tageldin v. St. Paul Fire & Marine Insurance Company, VWC File No. 118-93-66 (3-12-92), payment was sought for home services that included cleaning bathrooms, changing linen in the bedrooms, helping take out trash and helping carry laundry to the first floor of the injured worker's apartment building. We held that those types of services did not qualify as "other medical attention" and that they were not compensable under the Act.

No evidence in the record established that Walowac performed "medical attention" under the direction and control of a physician. As the commission correctly noted, "Dr. Jackson wrote several letters to claimant's counsel indicating in general terms that there were some discussions with the claimant and Jule Walowac; however, we do not see any specific medical services that she was to render to the claimant." Rather, Dr. Jackson described "assistance with transfers, lifting and carrying to take tub baths, lifting and carrying to get in and out of the car, and lifting and carrying to do activities that would avoid excessive stress to the lower extremities which were

severely injured."  In addition, Walowac testified that she assisted claimant with ambulating, bathing, dressing, feeding, and transportation.  She also helped him elevate his legs, and remove a type of boot or brace that he wears on his right leg. Walowac did not receive any particular training in order to perform these duties.  "None of these duties, when considered in light of the claimant's condition and the extent of his disability, is of the type usually rendered by trained attendants."  Chandler, 221 Va. at 1118, 277 S.E.2d at 494.

Furthermore, we find no merit in claimant's assertion that the holding in Chandler should not apply to this case and that this Court should draw a distinction between services rendered by a spouse versus a close friend, such as Walowac.  We also find no merit in claimant's argument that the commission should have estopped employer from denying payment for Walowac's services based upon its admissions.  The commission was entitled to weigh employer's April 22, 1997 letter and Nurse Snow's testimony and determine what weight, if any, to give that evidence.

Based upon this record, we cannot say as a matter of law that claimant's evidence proved that Walowac's services qualified as "other medical attention" as defined by Code § 65.2-603 or by the Supreme Court in Chandler.

III.

Code § 65.2-713(A) provides for the assessment of attorney's fees and costs against an employer or insurer who has defended a claim "without reasonable grounds." "[W]hether the employer defended a proceeding without reasonable grounds is to be judged from the perspective of the employer, not the employee." Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 716, 427 S.E.2d 215, 219 (1993). The determination of whether to award attorney's fees and costs against an employer who has defended a proceeding without reasonable grounds is left to the sound discretion of the commission. See Jensen Press v. Ale, 1 Va. App. 153, 159, 336 S.E.2d 522, 525 (1985).

Claimant's claim for attorneys' fees arose out of his assertion that employer failed to pay certain outstanding medical bills in a timely manner. At the hearing, employer's counsel proffered legitimate reasons for its delay in paying the bills. In addition, employer's counsel stated that the bills had either been paid prior to the hearing or were in the process of being paid. Claimant did not dispute those statements. The commission, as fact finder, was entitled to accept employer's explanation. Thus, based upon this record, we find no abuse of discretion in the commission's refusal to assess attorney's fees and costs against employer.

For the reasons stated, we affirm the commission's decision.

<u>Affirmed.</u>