COURT OF APPEALS OF VIRGINIA


Present:  Judge Bray, Senior Judges Duff and Overton
Argued at Alexandria, Virginia


QUALITY INN EXECUTIVE AND
 HIGHLANDS INSURANCE GROUP,
 F/K/A VIK BROTHERS INSURANCE
 GROUP/LMI INSURANCE COMPANY

                                     MEMORANDUM OPINION[*] BY
v.    Record No. 1593-98-4          JUDGE NELSON T. OVERTON
                                          JUNE 15, 1999
ZOILA L. UMANA


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Tenley A. Carroll-Seli (Pierce & Howard,
            P.C., on brief), for appellants.

            William S. Sands, Jr. (Duncan & Hopkins,
            P.C., on brief), for appellee.


     Quality Inn Executive and its insurer (hereinafter referred

to as "employer") appeal a decision of the Workers' Compensation

Commission ("commission") finding it responsible for the cost of

cervical disc surgery recommended by Dr. Donald Hope for Zoila L.

Umana ("claimant").  Employer contends that the commission erred

in finding that claimant proved that (1) her cervical disc

condition was causally related to her compensable January 16, 1995

injury by accident, and (2) the proposed cervical disc surgery

constitutes necessary treatment of her compensable right shoulder

_____

     *Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

injury.  For the reasons that follow, we affirm the commission's decision.

On appeal, we view the evidence in the light most favorable to the prevailing party below.  See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Factual findings made by the commission will be upheld on appeal if supported by credible evidence.  See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "'However, the question of whether the disputed medical treatment was necessary within the meaning of Code § 65.2-603 is a mixed question of law and fact.'  Accordingly, the commission's conclusions as to the necessity of the disputed medical treatment are not binding upon this Court."  Papco Oil Co. v. Farr, 26 Va. App. 66, 73-74, 492 S.E.2d 858, 861 (1997) (quoting Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 712-13, 427 S.E.2d 215, 217 (1993)).

On January 16, 1995, claimant suffered a work-related accident wherein she sustained a compensable right shoulder injury.  The parties executed a Memorandum of Agreement ("MOA") specifying that claimant injured her right shoulder as a result of the accident.  The commission subsequently entered an award of benefits based on the MOA.

Claimant began treatment with Dr. P.M. Palumbo, Jr. on January 23, 1995.  At that time, Dr. Palumbo noted complaints of right shoulder, arm, and hand pain.  Between February 1995 and

-

the beginning of April 1995, claimant continued under Dr. Palumbo's care, receiving physical therapy and injections, but her right shoulder and arm pain continued. On April 4, 1995, Dr. Palumbo recommended that claimant undergo arthroscopic debridement with subacromial decompression if she failed to improve. On May 16, 1995, Dr. Palumbo noted that claimant continued to have pain in her right shoulder and arm and that her hand was numb. He also noted that she had pain in the right side of her neck.

After May 16, 1995 up through July 5, 1995, claimant continued to intermittently complain to Dr. Palumbo of hand, neck and shoulder pain. On July 5, 1995, Dr. Palumbo operated on claimant's right shoulder. Claimant reported some relief after the surgery, but she continued to treat with Dr. Palumbo for right shoulder, back and arm pain.

After a July 2, 1996 office visit wherein claimant complained of constant pain in her shoulder with radiation down her upper arm and occasional hand numbness, Dr. Palumbo ordered that she undergo an MRI of her cervical spine. That MRI revealed significant degenerative disc disease in claimant's cervical spine at multiple levels, along with a left-sided disc herniation at the C6-C7 level. On July 31, 1996, Dr. Palumbo noted claimant's continuing complaints of right shoulder and neck pain. Dr. Palumbo noted that claimant "may well, indeed, be suffering from symptoms of a C6-7 nerve root irritation as

-

well as a rotator cuff tendinitis."  As a result of these findings, Dr. Palumbo referred claimant to Dr. Hope, a neurosurgeon.

On August 29, 1996, Dr. Hope examined claimant and agreed that she suffered from cervical disc disease.  In his August 29, 1996 office notes, Dr. Hope noted that claimant's main complaint was neck pain.  He also noted that claimant had undergone surgery for her shoulder from Dr. Palumbo, but that this pain sounded "more radicular than it does localized to the shoulder." Dr. Hope recommended that claimant undergo discectomy and fusion at C6-C7.  On October 10, 1996, Dr. Hope opined that the surgery for claimant's cervical disc condition "stems from her work-related injury of approximately one year ago."

In a March 13, 1997 letter report, Dr. Palumbo wrote that claimant as of her last visit had "marked tightness in the right upper trapezius with a trigger area at the superior angle of the scapula."  He also wrote that he told claimant "that the upcoming [disc] surgery should improve her right upper trapezius pain that it was unclear that the surgery would improve her rotator cuff tenderness."

In his March 17, 1997 deposition, Dr. Palumbo testified that claimant's cervical disc condition occurred at the time of her compensable accident, but that it was a separate and distinct injury from her right shoulder injury.  Dr. Palumbo testified that claimant's right rotator cuff problem and severe

-

shoulder complaints masked her cervical disc condition until at least October 1995. He stated that it is very difficult to differentiate "pain in the shoulder from the shoulder itself or pain in the shoulder from a cervical problem."

In an April 8, 1997 letter to claimant's counsel, Dr. Palumbo opined that "[t]his patient's clinical picture is further complicated by her shoulder injury, which is not directly related to her cervical disc condition, but is a separate condition sustained in the same accident."

Based on this evidence, the commission found that claimant's cervical disc condition constituted a separate and distinct injury from the right shoulder injury, which was the only specific injury covered by the MOA and the commission's December 1995 award. Because claimant did not file a timely claim pursuant to Code § 65.2-601 with respect to the cervical disc injury, the commission ruled that a claim for the cervical injury, in and of itself, was barred by the applicable statute of limitations under the Supreme Court's ruling in Shawley v. Shea-Ball Construction Co., 216 Va. 442, 219 S.E.2d 849 (1975).

The commission then ruled that, based on the opinions of Drs. Palumbo and Hope, claimant's cervical disc condition was causally related to the compensable accident. The commission further found that "treatment for the claimant's cervical condition is necessary treatment related to the compensable accident to the extent that it is necessary to treat symptoms

-

related to the shoulder injury."  Thus, the commission held that because the proposed cervical disc surgery was necessary to treat the compensable right shoulder injury, the claim for that surgery was not time-barred and employer was responsible for its cost.

On appeal, claimant does not dispute that the holding in Shawley applied to the cervical disc condition to render it a separate and distinct injury for which she failed to file a timely claim pursuant to Code § 65.2-601.  Therefore, that finding is binding upon us on appeal.  In addition, we are bound by the commission's holding that claimant's cervical disc injury resulted from the January 16, 1995 accident because that finding is supported by credible evidence, including the opinions of Drs. Palumbo and Hope.

The issue that remains is whether there is credible evidence to support the commission's finding that employer is liable for the cost of the proposed cervical disc surgery because that surgery is necessary in order to treat the symptoms of claimant's compensable right shoulder injury.

The commission's finding that the cervical disc surgery recommended by Dr. Hope was necessary in order to successfully treat the symptoms causally related to claimant's compensable right shoulder injury is supported by credible medical evidence, including the medical records of Drs. Hope and Palumbo and Dr. Palumbo's deposition testimony.  Dr. Hope opined that the disc

-

surgery "stems" from the work injury. Based upon that opinion, the commission could reasonably infer that the disc surgery was necessary to treat the shoulder injury. In addition, based upon Dr. Palumbo's testimony that it is difficult for him to separate claimant's shoulder complaints from her disc symptoms and his March 13, 1997 letter in which he concluded that the disc surgery should improve claimant's right upper trapezius pain and might improve her rotator cuff tenderness, the commission could reasonably conclude that the disc surgery was necessary to treat the shoulder injury, as well as the disc condition. "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal." Hawks v. Henrico Co. Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

Accordingly, we affirm the commission's findings that claimant's cervical disc condition occurred as a result of the compensable injury by accident and that claimant failed to file a timely claim with respect to the disc injury. In addition, we affirm the commission's finding that employer is responsible for the cost of the cervical disc surgery proposed by Dr. Hope because it constitutes necessary treatment of claimant's compensable right shoulder injury.

Affirmed.

-