COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


RIGOBERTO C. GUTIERREZ

                                    MEMORANDUM OPINION*
v.    Record No. 0013-00-3              PER CURIAM
                                        MAY 9, 2000
ESPINA STONE COMPANY AND
 NORTH RIVER INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (A. Thomas Lane, Jr., on brief), for
              appellant.

              (Lynn McHale Fitzpatrick; Siciliano, Ellis,
              Dyer & Boccarosse, on brief), for appellees.


     Rigoberto C. Gutierrez contends that the Workers'

Compensation Commission erred in finding that medical treatment

rendered to him by Dr. Alan Cason, a chiropractor, from

September 11, 1997 through January 19, 1998 was not medically

necessary and, therefore, Espina Stone Company was not

responsible for the cost of such treatment.  Upon reviewing the

record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

     "[T]he question of whether the disputed medical treatment

was necessary within the meaning of Code § 65.2-603 is a mixed

_____

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

question of law and fact." Lynchburg Foundry Co. v. Goad, 15

Va. App. 710, 712-13, 427 S.E.2d 215, 217 (1993).

In declining to hold employer responsible for the cost of

Dr. Cason's chiropractic treatment, the commission found as

follows:

> The Deputy Commissioner found the opinions of Drs. [Gregory] Helm and [George] Godette to be persuasive, and concluded that the chiropractic treatment was not necessary after August 26, 1997. We agree. Dr. Helm stated on August 26, 1997, that continued chiropractic care was not necessary. Although Dr. Cason performed forty-four additional treatments from July 29, 1997 through January 19, 1998, he was unable to return [Gutierrez] to work. On February 3, 1998, Dr. Godette indicated that the chiropractic treatments were perpetuating the muscle injury. Dr. Godette was able to return [Gutierrez] to full-duty work in a short period of time. We also note that Dr. Cason had the opportunity to treat [Gutierrez] on seventy-five different occasions through July 22, 1997, but was unable to improve [Gutierrez's] condition to the extent that [he] could return to work. When considering the evidence as a whole, we agree with the Deputy Commissioner's conclusion that Dr. Cason's treatment after July 26, 1997, was not necessary . . . .

As fact finder, the commission was entitled to accept the

opinions of Drs. Godette and Helm, which support the

commission's finding that Dr. Cason's medical treatment after

July 26, 1997 was not medically necessary. Moreover, we find no

merit in Gutierrez's argument that he was entitled to continue

with Dr. Cason's unauthorized treatment until January 19, 1998,

the day he selected Dr. Godette from a panel as his treating physician. Gutierrez was aware as early as August 1997 that Dr. Godette had opined that Dr. Cason's chiropractic treatment was not necessary and, as a result, was no longer authorized. Indeed, Gutierrez requested a new panel of physicians from employer. When Gutierrez discovered, however, that the new panel was defective, he chose to continue to treat with Dr. Cason, an unauthorized physician. The record contains no justification for Gutierrez's failure to choose a new treating physician or petition the commission for a change in treating physicians.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>