COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Bumgardner and Kelsey
Argued at Alexandria, Virginia


WINCHESTER GOLF CLUB, INC. AND
 ST. PAUL FIRE AND MARINE INSURANCE COMPANY

v.   Record No. 2943-02-4

SYLVIA MARIE SCHENCK                    MEMORANDUM OPINION* BY
                                         JUDGE LARRY G. ELDER
                                            JUNE 17, 2003
SYLVIA MARIE SCHENCK

v.   Record No. 2944-02-4

WINCHESTER GOLF CLUB, INC. AND
 ST. PAUL FIRE AND MARINE INSURANCE COMPANY


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Michael E. Ollen (Rhatigan, Ollen,
              Carleton, & Costabile, on briefs), for
              Winchester Golf Club, Inc. and St. Paul Fire
              and Marine Insurance Company.

              R. Craig Jennings (Brandt, Jennings, Snee,
              Dupray & Parrish, PLLC, on briefs), for
              Sylvia Marie Schenck.


     Sylvia Marie Schenck (claimant) and Winchester Golf Club,

Inc., and its insurer, St. Paul Fire and Marine, (hereinafter

collectively employer) both appeal from a decision of the

Workers' Compensation Commission (the commission) holding

employer liable, pursuant to Code § 65.2-713, for $3,000 of the

—————————————

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

attorney's fees incurred by claimant in her efforts to secure benefits under the Workers' Compensation Act. On appeal, claimant contends employer defended her claim without reasonable grounds and that the commission should have held employer responsible for the entire amount of her attorney's fees.[1] Employer, by contrast, contends that all disputed issues were resolved prior to the hearing and, thus, that the award of attorney's fees constituted an abuse of discretion. We hold the record supported employer's payment of a fee in the amount ordered, and we affirm.

Code § 65.2-713 provides in relevant part as follows:

> A. If the Commission or any court before whom any proceedings are brought or defended by the employer or insurer under this title shall determine that such proceedings have been . . . defended without reasonable grounds, it may assess against the employer or insurer . . . the whole cost of the proceedings, including a reasonable attorney's fee, to be fixed by the Commission.

> B. Where the Commission finds that an employer or insurer has delayed payment without reasonable grounds, it may assess

---

[1] On brief on appeal, claimant seeks "at a minimum the reinstitution of the [deputy's] larger [fee] award [of $5,000], or payment of all fees and costs incurred," presumably meaning the $8,933.28 in fees and costs for which claimant had submitted a fee statement to the commission. However, pursuant to the commission's authority under Code § 65.2-714 to approve all attorney's fees, the commission concluded that $5,000 was a reasonable fee for the work performed by claimant's attorney, without regard to who might be responsible for that fee. Claimant's counsel provides no argument as to why a total fee of $5,000 is inappropriate or an abuse of discretion. Thus, we do not consider this issue on appeal.

-

> against the employer or insurer the whole cost of the proceedings, including a reasonable attorney's fee to be fixed by the Commission. . . .

"[W]hether the employer defended a proceeding without reasonable grounds is to be judged from the perspective of the employer, not the employee." Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 716, 427 S.E.2d 215, 219 (1993).

Assessment of fees is proper where a claimant obtained the assistance of counsel to request a hearing due to the employer's unilateral decision to withhold benefits due under an open award. See Murphey v. Xerox Corp., No. 187-61-8, 2001 WL 1169778, at **7 (Va. Workers' Comp. Comm'n Sept. 21, 2001). Assessment of fees also is proper where the carrier unjustifiably suspended payment for medical treatment and then reinstated such payments one day prior to a scheduled hearing. Nuske v. Campbell County Sch. Bd., No. 607-346, 1981 WL 182099, at *1 (Va. Worker's Comp. Comm'n June 16, 1981) (decided under § 65.1-101). Whether the employer or carrier authorized or suspended treatment with a particular physician is an issue that may be open to dispute on the facts of a particular case. See, e.g., Flanegin v. Hechingers Corp., No. 170-42-20, 1996 WL 1075861, at **3 (Va. Workers' Comp. Comm'n July 9, 1996).

Further, as indicated by the legislature's use of the word "may" in Code § 65.2-713, the commission is not required to assess costs and attorney's fees in every case in which the

-

employer delays payment or defends a proceeding without reasonable grounds.  See, e.g., <u>Volvo White Truck Corp. v. Hedge</u>, 1 Va. App. 195, 200-01, 336 S.E.2d 903, 906 (1985) (decided under predecessor statute, § 65.1-101).  Whether to assess fees or costs rests in the sound discretion of the commission and will be reversed only for an abuse of that discretion.  <u>Id.</u>

Here, on the afternoon prior to the hearing, employer conceded all disputed issues except its liability for (1) cab fare to and from claimant's place of employment, (2) expenses for claimant to travel from her new home in Hawaii to attend a medical appointment in Baltimore, Maryland, and (3) attorney's fees and costs based on its claimed "unreasonable delay in defense of [the] matter."  The deputy commissioner found in claimant's favor on all disputed issues and awarded her attorney's fees of $5,000.  On review, the commission held that employer did not "unreasonably defend <u>all</u> of the claimant's numerous claims" and ordered employer to pay $3,000 of the $5,000 fee.  It found that employer's repeated late payment of temporary partial disability benefits due under an outstanding award, even after the entry of two prior penalty awards based on late payment, "was responsible to some extent for the litigation" and that "the insurer was not as responsive to the claimant's request for authorization [for medical treatment] and a panel [of Hawaiian physicians] as it should have been."

-

However, it found the record failed to establish that employer unreasonably delayed payment for medical treatment, ground transportation to obtain that medical treatment, or airfare to obtain medical treatment or to attend the hearing before the deputy commissioner.

A careful review of the record, viewed from the perspective of the employer, confirms that credible evidence supports the commission's findings and order that employer pay $3,000 of claimant's attorney's fees for unreasonably defending and delaying payment.  Thus, we hold the commission did not abuse its discretion, and we affirm the award.

<u>Affirmed.</u>

-