COURT OF APPEALS OF VIRGINIA

Present:    Judges Frank, Humphreys and Haley
Argued at Chesapeake, Virginia


PORTSMOUTH (CITY OF) SCHOOL BOARD
                                                                OPINION BY
v.        Record No. 0026-11-1                      JUDGE ROBERT P. FRANK
                                                                JULY 19, 2011
HARVEY MAURICE HARRIS


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Audrey Marcello (Dannielle C. Hall-McIvor; TaylorWalker, PC, on
brief), for appellant.

John H. Klein (Montagna, Klein, Camden, LLP, on brief), for
appellee.


        The Portsmouth School Board (employer) appeals the decision of the Workers'

Compensation Commission (commission) finding the employer was responsible for paying for a

spa pool purchased by Harvey Maurice Harris (claimant). Employer contends the commission

erred in concluding claimant sustained his burden of proof to show that his purchase of a spa

pool was reasonable, necessary, and related to his work-related injury. For the reasons stated, we

reverse the decision of the commission.

BACKGROUND

        "On appeal, we view the evidence in the light most favorable to the prevailing party

before the commission." Central Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42

Va. App. 264, 269, 590 S.E.2d 631, 634 (2004). So viewed, the evidence relevant to this appeal

was as follows.

        On September 20, 2005, claimant sustained a compensable injury to his left shoulder. As

a result of his injury, claimant consulted Dr. Felix Kirven, an orthopedic surgeon, about ongoing

swelling, stiffness, and soreness in his back. Dr. Kirven did not testify, either in person or by deposition.

Claimant saw an advertisement on television featuring a spa pool with jets to massage a person's neck, shoulders, and lower back. Claimant mentioned the spa pool to Dr. Kirven. On May 31, 2007, Dr. Kirven wrote a letter indicating that claimant would benefit from a spa pool. The record contains no indication this letter was sent to employer, and there is no medical report attached to the letter.[1] Rather, the letter said only:

> Mr. Harris is a 46-year-old male with upper cervical neck pain, spondylosis with radiculopathy. He is status post an anterior cervical diskectomy with fusion. He continues to have pain in the neck secondary to his arthritic condition, in addition he has a left knee arthritis condition. Mr. Harris would benefit from a spa pool/heater for the above medical reasons to decrease pain.

On June 11, 2008, Dr. Kirven wrote claimant a prescription for a spa pool.[2] On the same day, claimant spoke with Wyvette Johnson, a claims adjuster, to ask if he would be reimbursed for the spa pool. Johnson declined. She explained to claimant that her file did not contain a recommendation or prescription from Dr. Kirven, and claimant said he would call the doctor. The next day, Johnson received a fax cover letter and a prescription from Dr. Kirven's office. Johnson wrote to Dr. Kirven on June 20, 2008, asking for more details about the recommended spa pool. She also asked if claimant could attend therapy at a center that offered whirlpool or

---

[1] In fact, Dr. Kirven's medical notes are silent as to this recommended treatment. It is important to note that while the prescriptions are dated June 11, 2008 and May 14, 2009, none of the office notes in that general time period mention a spa pool or any type of water or heat therapy.

[2] On May 14, 2009, Dr. Kirven repeated this prescription for a "spa pool."

aquatic therapy, rather than purchasing a spa pool for home use. Dr. Kirven did not respond.[3]

Johnson did not investigate the matter further.

Despite Johnson's response, claimant purchased the spa pool for $5,200 on June 16, 2008. Claimant's private insurance covered part of the cost, and claimant himself paid the remaining amount. Claimant purchased a six-person spa pool from East Coast Leisure, which sells patio furniture, picnic equipment, etc. Claimant acknowledged Dr. Kirven had not recommended this particular spa pool. Claimant also testified he later saw smaller spa pools that seated fewer than six people. He did not explain why he purchased a six-seat hot tub. Claimant testified the spa pool has been beneficial and that he continues to use it.

The deputy commissioner found that employer was responsible for payment of the spa pool, noting that Code § 65.2-603(A)(1) requires an employer to provide necessary medical treatment for a compensable injury, including any appliances prescribed by the claimant's treating physician. The deputy commissioner found that spa pools are an "appliance" as contemplated by the statute.

The commission affirmed the deputy commissioner, noting:

> As an initial matter, the burden of proof rests with the claimant to show that the medical expenses for which he seeks payment are causally related to the accident, and reasonable and necessary for treatment of his compensable injury, and that the medical service was rendered by, or on referral by, an authorized treating physician. Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 336 S.E.2d 903 (1985). As long as a causal relationship between the industrial accident and the complaints which are the subject of the referral exists, the employer is financially responsible for the medical attention which the attending physician deems necessary, subject to review by the Commission. Jensen Press v. Ale, 1 Va. App. 153, 159, 336 S.E.2d 522, 535 (1985). Where the treating physician has prescribed specific medical treatment, the burden of proof shifts to the employer to show that the medical treatment is unreasonable or unnecessary, and that it is relieved

---

[3] On March 24, 2010, Dr. Kirven responded to a letter from claimant's attorney and stated that a spa pool was a necessary treatment for claimant's injuries.

from the mandate of the Virginia Workers' Compensation Act. Hogan v. Misener Marine Constr., Inc., VWC File No. 128-80-49 (Feb. 25, 1993).[4]

The commission noted that Dr. Kirven had issued several prescriptions for a spa pool and in March 2010 had indicated the pool was necessary to treat claimant's injuries. The commission then stated, "There was simply no medical evidence to the contrary." The commission also noted the record contained no evidence from Dr. Kirven that other forms of water therapy, rather than a six-person home spa pool, would have been equally helpful or available to claimant.

This appeal follows.

ANALYSIS

On appeal, employer contends the commission erred in finding that claimant met his burden of proof to show that his purchase of a spa pool was reasonable and necessary, and related to his work injury. In order to resolve this issue, we must also determine what limits, if any, apply to a non-specific, generalized and generic physician's prescription for treatment.

In Virginia, workers' compensation law requires:

> As long as necessary after an accident, the employer shall furnish
> or cause to be furnished, free of charge to the injured employee, a
> physician . . . and such other necessary medical attention . . . .
> [U]pon determination by the treating physician and the
> Commission that the same is medically necessary, the Commission
> may require that the employer furnish and maintain . . .
> modification of the employee's principal home consisting of . . .
> any appliances prescribed by the treating physician . . . provided
> that the aggregate cost of all such items and modifications required

---

[4] While the commission referred to "reasonable and necessary" treatment, Code § 65.2-603(A)(1) only uses the phrase "medically necessary" in describing various appliances and alterations to a claimant's home. Code § 65.2-604(A)(3) uses the phrase "reasonable and necessary" in reference to "vocational rehabilitative services." This opinion will only address whether the spa pool in question is "medically necessary" under Code § 65.2-603(A)(1).

- 4 -

to be furnished on account of any one accident shall not exceed $25,000.

Code § 65.2-603(A)(1).

It is the claimant's burden to demonstrate that the treatment for which he seeks payment is causally related to the accident, is necessary for treatment of his compensable injury, and is recommended by an authorized treating physician. See Volvo White Truck Corp., 1 Va. App. at 199-200, 336 S.E.2d at 906; accord Code § 65.2-603.[5]

We will uphold the commission's factual findings if they are supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "However, the question of whether the disputed medical treatment was necessary within the meaning of Code § 65.2-603 is a mixed question of law and fact." Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 712-13, 427 S.E.2d 215, 217 (1993).

"'[C]onclusions of the Commission upon questions of law, or mixed questions of law and fact, are not binding on [appeal].'" City of Waynesboro v. Harter, 1 Va. App. 265, 269, 337 S.E.2d 901, 903 (1985) (quoting Brown v. Fox, 189 Va. 509, 517, 54 S.E.2d 109, 113 (1949)). Accordingly, we review *de novo* the commission's application of the law to those findings. Roanoke Belt, Inc. v. Mroczkowski, 20 Va. App. 60, 68, 455 S.E.2d 267, 271 (1995). Therefore, the commission's findings in this case as to the necessity of the claimant's purchase

---

[5] The commission cites its own case of Hogan v. Misener, VWC File No. 128-80-49, 1993 Va. Wrk. Comp. LEXIS 35 (Feb. 25, 1993), for the proposition that if the treating physician has prescribed specific medical treatment, the burden shifts to employer to show that the medical treatment is unreasonable or unnecessary. However, neither party argues that this case applies. Therefore, we take no position on whether the burden shifts. Even if we accept the burden-shifting under Hogan, we find that Hogan does not apply here, because Dr. Kirven made no recommendation for this specific appliance. As we indicate, Dr. Kirven did not specify whether the spa pool needed to be installed in claimant's home, nor did he indicate the seating capacity of the spa pool. Therefore, claimant failed to meet the second and third prongs of his burden.

of a home spa pool are not binding upon this Court.  Papco Oil Co. v. Farr, 26 Va. App. 66, 73-74, 492 S.E.2d 858, 861 (1997).

At oral argument, claimant conceded, and we agree, that there must be limits to an unspecific and generic prescription for the items required under Code § 65.2-603(A)(1).  Clearly, under the facts of this case, i.e. a prescription for "spa pool," with nothing more, would not require employer to pay for claimant's trip to Europe to seek a "spa pool" in Switzerland.  Obviously, the treatment in question is not that extreme.

In Lynchburg Foundry, 15 Va. App. 710, 427 S.E.2d 215, the treating physician authorized home nursing care to change claimant's dressings for burns received as a result of a compensable injury.  While claimant could have received the same treatment at his doctor's office, we found such home treatment was medically necessary, primarily based on the treating physician's specific order for *home* health care.  Here, unlike Lynchburg Foundry, the treating physician made neither a specific order nor a determination as to the situs of the treatment.

City of Salem v. Colegrove, 228 Va. 290, 321 S.E.2d 654 (1984), is instructive.  The issue in Colegrove was whether "reasonable and necessary vocational rehabilitative training services" provided by Code § 65.1-88 (now Code § 65.2-603(A)(3)) included a four-year college program.  The Supreme Court of Virginia found they did not.  Colegrove, as a result of a compensable injury, was no longer able to perform heavy work.  His treating physician recommended "job retraining."  On his own initiative, claimant enrolled in a community college and then transferred to a four-year college to major in accounting.  The Supreme Court of Virginia found such an education was "outside the range" of benefits provided by the General Assembly.  Id. at 294, 321 S.E.2d at 656.

Colegrove is instructive because in that case and in the instant case, the actual treatment incurred far exceeded the general nature of the treatment authorized by the treating physician,

both in scope and degree. In Colegrove, the physician never determined a four-year degree program was medically necessary nor did the doctor recommend such a program.

Reynolds Metals Company v. Chowning, No. 0800-00-2, 2000 Va. App. LEXIS 614 (Va. Ct. App. Aug. 22, 2000),[6] addresses an issue similar to the instant case. In Reynolds, the issue was whether a whirlpool tub qualified as necessary medical treatment under Code § 65.2-603(A)(1). Id. at *1. The treating physician prescribed a "hot tub spa – one that she will be able to soak entire [left] arm, shoulder and neck in." Id. at *3. Employer defended the claim by contending a health club hot tub was adequate to meet claimant's needs. Id. at *4. We affirmed the commission's findings that a health club membership was not adequate to satisfy claimant's treatment needs. Id. at *6. Testimony before the commission indicated the health club was not open at night when claimant's pain was the greatest, that the pool was not deep enough for her to immerse her entire shoulder, neck, and arm, and it contained chlorine, which bothered claimant. Id. at *4. Evidence further revealed the health club was 45 minutes from claimant's home. Id.

Unlike the instant case, the record in Reynolds contained testimony that alternate treatment was not adequate.

In this case, claimant failed to demonstrate that the six-person home spa pool was medically necessary. Nothing in the record indicates that claimant could not receive similar

---

[6] While an unpublished case has no precedential value, courts do "not err by considering the rationale and adopting it to the extent it is persuasive." Fairfax County School Board v. Rose, 29 Va. App. 32, 39 n.3, 509 S.E.2d 525, 528 n.3 (1999) (en banc); see also Rule 5A:1(f) ("The citation of judicial opinions, orders, judgments, or other written dispositions that are not officially reported . . . is permitted as informative, but shall not be received as binding authority.").

treatment (water/heat therapy) elsewhere.[7] Dr. Kirven never indicated that claimant was unable to obtain the same treatment at a fitness/health center. There is certainly no evidence that claimant needed to purchase a six-person hot tub for his home.[8] Dr. Kirven's prescription did not call for a "home" spa pool, nor did it call for a spa pool capable of seating six people. In other words, he never prescribed this specific appliance. At oral argument, when asked what evidence supported his contention that a six-seat home "spa pool" was medically necessary, claimant's counsel could only refer to the "spa pool" prescriptions.

Furthermore, Dr. Kirven's affirmative answer to claimant's counsel's question about whether the spa pool is necessary for claimant's treatment does not establish that claimant's purchase of a six-person home spa pool was medically necessary. Further, no evidence indicates Dr. Kirven knew of the specific description of the spa pool purchased by claimant.

The record is devoid of any evidence to support claimant's purchase of a six-person home spa pool as medically necessary.[9] We conclude that when a treating physician prescribes an unspecific, generalized, and generic treatment, the claimant must present evidence that such treatment is medically necessary such as evidence that alternative treatment is not adequate, or

---

[7] Claimant seems to suggest it is significant that employer never followed through with its inquiry as to alternate treatments. However, as we have previously stated, the burden is on claimant, not employer, to show that the treatment is medically necessary.

[8] Although unpublished, Murray v. Westmoreland Coal Company, No. 1090-95-3, 1995 Va. App. LEXIS 714 (Va. Ct. App. Oct. 3, 1995), supports this position. In Murray, this Court upheld the commission's finding that employer was not responsible for a two-person Craftmatic Adjustable Bed, because "no evidence established that a two-person bed (as opposed to a one-person model) was reasonable and necessary." Id. at *2.

[9] Appellee cites Gillespie v. Tuck Clinic, 77 OWC 219 (1998), in which the commission found that a home hot tub was a reasonable and necessary medical expense, falling within the parameters of an "appliance," as contemplated by Code § 65.2-603(A)(1). However, in that case, the treating physician specifically recommended the installation of a hot tub in claimant's home, due in part to claimant's allergies. In this case, Dr. Kirven provided no such explanation and no specific recommendation for a home spa pool.

available medical testimony elaborating on the non-specific prescription, or documentation of the need for the specific treatment obtained by claimant.  This list is not exhaustive.  Claimant cannot, with unbridled discretion, choose any treatment that falls within the non-specific prescription.

We find the commission erred in concluding employer was responsible for payment of claimant's spa pool.  We therefore reverse the decision of the commission, and the award is reversed.

<u>Reversed.</u>