UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Petty, AtLee and Senior Judge Clements

CONTINENTAL TELECOM CORP. AND
  TRAVELERS INDEMNITY COMPANY

v.      Record No. 0016-17-2

JOAN STREETS-NASH

MEMORANDUM OPINION[*]
PER CURIAM
MAY 2, 2017

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Kari Lou Frank; Jonas Callis; PennStuart, on brief), for appellants.
Appellants submitting on brief.

No brief for appellee.

Continental Telecom Corp. and Travelers Indemnity Company (collectively "employer")

appeal a decision of the Workers' Compensation Commission finding 1) that Dr. Fiore's

treatment of Joan Streets-Nash (claimant) was reasonable, necessary, and causally related to a

1977 work injury; 2) that treatment provided by Dr. Steven Fiore was authorized within the

proper chain of referral; and 3) the Commission made findings that were not supported by the

evidence. For the reasons that follow, we affirm the findings of the Commission.

BACKGROUND

"On appeal, we view the evidence in the light most favorable to the prevailing party

before the commission." Portsmouth Sch. Bd. v. Harris, 58 Va. App. 556, 559, 712 S.E.2d 23,

24 (2011) (quoting Central Va. Obstetrics & Gynecology Assocs., P.C. v. Whitfield, 42 Va. App.

264, 269, 590 S.E.2d 631, 634 (2004)). So viewed, the evidence relevant to this appeal

established that in December 1977, claimant suffered a back injury while working for employer

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

and was awarded medical benefits. In July 1999, claimant suffered an additional work injury to her knee while employed with Chesapeake Bay Agency on Aging, Inc. Dr. William Brickhouse was her authorized treating physician for the 1977 injury, and the Commission directed employer to pay for medical treatments incurred in 2005 and 2006. In the present matter, claimant filed a number of claims alleging changes in condition related to both injuries. For the 1977 injury, related to this appeal, claimant sought payment for medical bills from treatment rendered by Dr. Brickhouse and Dr. Fiore. Dr. Fiore was in the same practice as Dr. Brickhouse.

Claimant testified Dr. Brickhouse referred her to Dr. Fiore and she completed a questionnaire stating that Dr. Brickhouse referred her to Dr. Fiore and another physician. However, claimant also testified that Dr. Horace Jackson, her primary care physician, referred her to Dr. Fiore. A 2013 medical record, prepared by Dr. Fiore, stated, "The patient is referred by a physician. The referring physician is Dr. William Brickhouse." However, a 2014 office note, prepared by Dr. Fiore, indicated Dr. Jackson referred claimant. The 2014 note also indicated the current medical complaints involving claimant's lower back were "the result of a work-related accident or injury" and noted the date of injury was "11/1977." Dr. Fiore further opined that claimant's symptoms "have been exacerbated by her work-related injury" and worsened after her surgery for the 1977 injury. The deputy commissioner found that claimant was a credible witness.

The Commission found that claimant's testimony, coupled with the 2013 medical record, was sufficient to establish that Dr. Brickhouse referred her to Dr. Fiore, a doctor in the same medical practice. Relying on Dr. Fiore's record stating that the current lower back problems were related to the 1977 work injury, the Commission also found that the current condition was causally related and the treatment rendered by Dr. Fiore was reasonable and necessary. The

Commission noted that, although the records indicated various degenerative back problems in addition to the compensable injury, the two causes rule applied.

ANALYSIS

> On appeal, we view the evidence in the light most favorable to the prevailing party below. See Lynchburg Foundry Co. v. Goad, 15 Va. App. 710, 712, 427 S.E.2d 215, 217 (1993). In addition, the commission's factual findings will be upheld if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). "However, the question of whether the disputed medical treatment was necessary within the meaning of Code § 65.2-603 is a mixed question of law and fact." Goad, 15 Va. App. at 712-13, 427 S.E.2d at 217. Accordingly, the commission's conclusions as to the necessity of the disputed medical treatment are not binding upon this Court. "However, both the purposes of the Workers' Compensation Act and the equities of the situation guide us in affirming the commission's award." Id. at 713, 427 S.E.2d at 217.

Papco Oil Co. v. Farr, 26 Va. App. 66, 73-74, 492 S.E.2d 858, 861 (1997).

Employer contends Dr. Fiore's treatment was not reasonable, necessary, or causally related to the 1977 work injury. Employer points to medical records that identify claimant's degenerative conditions as the cause that necessitated treatment. Employer argues that the medical records are unclear as to which conditions resulted in which treatments.

Viewing the evidence in the light most favorable to claimant, some medical records specifically stated that claimant's complaints were the result of the 1977 work injury and that her other symptoms were exacerbated by the 1977 work injury. The medical records, taken in their entirety, establish that the 1977 injury was causally related to the treatments rendered by Dr. Fiore. Further, as noted by the commission, under the two causes rule, "a condition which has two causes, one related to a work injury, and one not, is compensable and the treatment of that condition will be the responsibility of the employer." Id. at 75, 492 S.E.2d at 862 (citing Shelton v. Ennis Bus. Forms, Inc., 1 Va. App. 53, 55, 334 S.E.2d 297, 299 (1985)). Therefore, the treatments were reasonable, necessary, and causally related to the 1977 work injury.

Employer also argues Dr. Fiore was not properly in the chain of referral by Dr. Brickhouse, the authorized treating physician. "Whether the employer is responsible for medical expenses pursuant to Code § 65.1-88 [now Code § 65.2-603] depends upon: (1) whether the medical service was causally related to the industrial injury; (2) whether such other medical attention was necessary; and (3) whether the treating physician made a referral to the patient." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985). Claimant testified Dr. Brickhouse referred her to Dr. Fiore. Claimant filled out a questionnaire naming Dr. Brickhouse as the referring physician to Dr. Fiore. One of Dr. Fiore's medical notes indicated Dr. Brickhouse was the referring physician. Although some documents indicate Dr. Jackson referred claimant and that Dr. Fiore copied the medical records to share with Dr. Jackson, such evidence does not negate the claimant's credible testimony and the record that identified the referring physician as Dr. Brickhouse. Further, Dr. Brickhouse and Dr. Fiore were in the same medical practice. Viewing the evidence in the light most favorable to claimant, it is reasonable to conclude, and the record supports finding, that Dr. Brickhouse referred claimant to Dr. Fiore.

### CONCLUSION

Finding that the record contains credible evidence to support the factual findings of the Commission, we find that Dr. Fiore was an authorized treating physician and that he performed reasonable and necessary treatment that was causally related to the compensable 1977 work injury. Accordingly, we affirm the Commission's decision.

Affirmed.