**Norfolk**

UNITED PARCEL SERVICE OF AMERICA, INC. et al.

v.

JOHN GODWIN

No. 1789-91-1

Decided June 23, 1992

COUNSEL

Robert A. Rapaport (Fay F. Spence, Knight, Dudley, Dezern & Clarke, on brief), for appellant.

Stephen M. Smith (Joseph Smith, Ltd., on brief), for appellee.

OPINION

**BARROW, J.**—This appeal from the Worker's Compensation Commission* challenges the commission's decision reinstating compensation benefits and requiring the employer to provide rehabilitation services. The employer contends that the employee refused selective employment and that the commission had no authority to order that the employer retrain the employee because the employee had sufficient marketable skills to obtain employment. We hold that the commission did not err in finding that the employee did not unjustifiably refuse selective employment and that the commission was authorized to order retraining if the employer is unable to provide job placement that will return the employee to his approximate pre-injury earnings.

Godwin, the employee, suffered a compensable back and neck injury which left him physically disabled and unable to resume his pre-injury work. Before the injury, he was employed for twelve years as a driver and delivery man for the employer. His hourly

---

* Formerly the Industrial Commission of Virginia. Effective October 1, 1991, Title 65.1 was recodified as Title 65.2. All references in this opinion are to Title 65.1, in effect at the time the Commission's decision was rendered in this case.

wage was $15.74, and his average weekly wage before the injury was $744.55.

Approximately eighteen months after the traffic accident in which he was injured, a rehabilitation nurse, at the request of the employer, consulted with Godwin and arranged for two job interviews for him. One was an interview for a cashier's job with a wage of $3.85 per hour which he did not attend because it conflicted with an engagement to see a new lawyer about a pending settlement. He attended the other interview for a security guard job with a wage of $4.00 per hour and testified that the job involved standing for long periods of time, which he was unable to do. The employer introduced a document from the prospective employer indicating that Godwin was not hired because he had a poor attitude and that he expected to go to school to learn a trade.

Several months later on the advice of a rehabilitation counselor hired by his attorney, Godwin returned to that prospective employer and obtained a security job. He testified that after one day on the job, he was required to go to the emergency room for treatment of his back.

Godwin's employment future is unclear. The rehabilitation counselor hired by his attorney testified that after training and with his limited ability to lift, Godwin's earning capacity would be seven to ten dollars per hour. He also testified that because of his disability, Godwin would be limited to about fourteen percent of jobs available in the labor market. The employer's rehabilitation nurse testified that Godwin was in financial difficulty and suffering from emotional depression when he was scheduled for the job interviews. She did not see him following these scheduled interviews but testified that his long record as a driver for the employer would make him an attractive candidate for employment. Both rehabilitation specialists agreed that the job market was not good.

Godwin contended before the commission that he should be retrained for a position that would approximate his pre-injury wage. The commission found that he desired to have retraining for a job that would be appropriate for his physical limitations and that he was eager to return to work for the employer but that no job was available.

The commission found that "no reasonable basis for suspension of benefits" existed because "neither party was focused on rehabilitation, nor were their efforts sufficient to support a finding that there was an unjustified failure to comply with a reasonable job-placement program." In addition, it directed the employer "to provide job placement opportunities to the employee which will recognize and utilize his aptitude over a long prospective work life, and attempt to return him to a position which would provide earnings approximate to his pre-injury earnings" and further that if "the job market or [Godwin's] skills do not provide reasonable prospects for employment with the kind of potential described, he should be offered retraining to develop the skills necessary to give him a 'likelihood of success' in reaching the level of rehabilitation contemplated by the act (Code § 65.1-88)."

An injured employee who refuses employment procured for him suitable to his capacity is not entitled to any compensation during the period of refusal unless the Workers' Compensation Commission finds the refusal justified. Code § 65.2-510 (formerly §65.1-63). A finding of unjustified refusal must be based upon " '(1) a *bona fide* job offer suitable to the employee's capacity; (2) procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.' " *Johnson v. City of Clifton Forge*, 7 Va. App. 538, 545, 375 S.E.2d 540, 544-45 (1989) (quoting *Ellerson v. W. O. Grubb Steel Erection Co.*, 1 Va. App. 97, 98, 335 S.E.2d 379, 380 (1985)). An unjustified refusal to attend an interview or an employee's refusal to cooperate at an interview may constitute an unjustified refusal of employment. *Id.* at 546-47, 375 S.E.2d at 545-46. Whether an employee is justified in refusing to cooperate with efforts of an employer is a factual finding. *Id.* at 547, 375 S.E.2d at 546.

Evidence supports the commission's finding that the employee's conduct at one interview and his failure to attend another interview did not constitute an unjustified refusal to accept selective employment. The wages of both proposed positions were considerably below that of his previous employment. No attempt had been made to retrain him or find him employment comparable to his previous employment. The employment proposed, if accepted, would have prevented retraining. One interview revealed that the employment involved standing for long periods which the employee was unable to do, and the other interview was scheduled in

conflict with another important engagement.

■ An employer is required to furnish reasonable and necessary vocational rehabilitation training services at the direction of the Workers' Compensation Commission. Code § 65.2-603 (formerly § 65.1-88). These services "shall take into account the employee's pre-injury job and wage classification; his or her age, aptitude and level of education; the likelihood of success in the new vocation; and relative costs and benefits to be derived from such services." *Id.* By directing the employer to find employment for the employee comparable to his pre-injury employment and, if this cannot be accomplished, to provide retraining to achieve rehabilitation consistent with that described in Code § 65.2-603, the commission did exactly what Code § 65.2-603 permits.

For these reasons, the decision of the Workers' Compensation Commission is affirmed.

*Affirmed.*

Benton, J., and Moon, J., concurred.