COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


J. C. PENNEY COMPANY
and
TRAVELERS INSURANCE COMPANY

v.        Record No. 0631-95-2      MEMORANDUM OPINION[*] BY
                                   JUDGE JERE M. H. WILLIS, JR.
NIKI COSTIANIS                           FEBRUARY 13, 1996


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          William Orr Smith, for appellants.

          Bruce K. Billman, for appellee.



     On appeal from an award of compensation to Niki Costianis,

J. C. Penney Company and Travelers Insurance Company (J. C.

Penney) contend that (1) no credible evidence supports the

commission's finding that Ms. Costianis was justified in refusing

the selective employment offered by J. C. Penney and (2) the

commission erred in relying on Setliff v. Tultex Corp., 68 O.I.C.

160 (1989).  We disagree and affirm the commission's decision.

     On appeal, we view the evidence in the light most favorable

to the party prevailing below.  Crisp v. Brown's Tysons Corner

Dodge, Inc., 1 Va. App. 503, 504, 339 S.E.2d 196, 196 (1986).

The findings of the commission, if based on credible evidence,

are conclusive and binding on this Court.  Morris v. Badger

Powhatan/Figgie Int'l Inc., 3 Va. App. 276, 279, 348 S.E.2d 876,

_____
          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

877 (1986).

On May 7, 1992, Ms. Costianis sustained a compensable injury by accident arising out of and in the course of her employment by J. C. Penney.  Ms. Costianis suffered injuries to her right arm, shoulder, right hip, pelvis, and sacrum when she fell from a moveable ladder.  As a result of her injuries, she suffers from urinary incontinence.

Ms. Costianis was initially treated for the incontinence by Dr. Bradley Gray, a urologist.  After seven months of treatment, Dr. Gray reported to Dr. Marriott Johnson, her treating orthopaedic surgeon, that her condition would not improve and that she needed to void every twenty to thirty minutes.  Ms. Costianis was then referred to Dr. William Steers at the University of Virginia Health Sciences Center.  After evaluating her condition, he reported to Dr. Johnson on January 24, 1994, that Ms. Costianis's "urinary urgency, frequency and urge incontinence, [was] most likely on the basis of nerve injury. Certainly, she represents a more severe case of urge incontinence.  This incontinence is triggered by activity especially in the lower limbs."

On January 25, 1994, Dr. Johnson notified J. C. Penney that he thought Ms. Costianis should try returning to work, on a part-time trial basis, four hours a day, three days a week.  Dr. Steers agreed, but noted that Ms. Costianis required access to a toilet facility and privacy.

On March 28, 1994, J. C. Penney sent Ms. Costianis the following offer of part-time work:

> This is to advise you that your employer is offering work within the restrictions recommended by Dr. Johnson on 02-17-94. You will be working four hours a day, three days a week, to begin Monday, April 11, 1994. Please report to Sabra Roberts, Manager, at your usual J. C. Penney store at 10:00 a.m. on that date. If you have questions, please feel free to call Sabra prior to that time.

Ms. Costianis declined the offer. She testified that she did so because she knew from her experience that, due to her need to leave the floor frequently, she could not perform the job effectively. She testified that when she is active, she must void every ten to twenty minutes. When she is relaxing, she must void every thirty to sixty minutes. Her testimony was corroborated by the medical and physical therapy records.

Josephine Sumpolec, Ms. Costianis's personnel supervisor, testified that J. C. Penney was willing to accommodate Ms. Costianis's special needs. However, she testified that she never communicated this fact to Ms. Costianis.

J. C. Penney contends that Ms. Costianis should have tried the tendered employment and that her refusal of the job without a trial was unjustified. See Thompson v. Hampton Institute, 64 O.I.C. 313, 315 (1985).

Virginia Code § 65.2-510 provides, in pertinent part:

> If an injured employee refuses employment procured for him suitable to his capacity, he shall only be entitled to the benefits provided for in § 65.2-603 during the continuance of such refusal, unless in the

opinion of the Commission such refusal was justified.

"A finding of unjustified refusal must be based on '(1) a bona fide job offer suitable to the employee's capacity; (2) procured for the employee by the employer; and (3) an unjustified refusal by the employee to accept the job.'" United Parcel Service v. Godwin, 14 Va. App. 764, 767, 418 S.E.2d 910, 912 (1992) (citations omitted). The employer has the burden of proving these elements in order to obtain relief under Code § 65.2-510. Ellerson v. W.O. Grubb Steel Erection Co., 1 Va. App. 97, 102, 335 S.E.2d 379, 380 (1985).

In denying J. C. Penney's application, the commission made the following findings:

Upon review of the record, we conclude that the employee's refusal of selective employment was justified. Although the employer presented evidence that it was willing [to] address the claimant's special needs, this was not communicated to the claimant. From the claimant's perspective, the employer was offering her pre-injury job without any modification. Because, as noted by claimant's urologist, Costianis required frequent bathroom access, the job offer was inconsistent with the claimant's work restrictions. Consequently, we find that the employer did not make a bona fide offer of selective employment within the employee's remaining capacity.

The commission's findings are supported by the medical record, Ms. Costianis's testimony, and the testimony of Ms. Sumpolec. The commission considered Ms. Costianis's incontinence, her knowledge of the requirements of a sales job,

her physician's qualified release, and the lack of any communication to her that J. C. Penney's could accommodate her needs.

We find no merit in J. C. Penney's argument that the commission erred in relying on Setliff v. Tultex, 68 O.I.C. 160 (1989).  Setliff was not cited by the commission to support its holding that J. C. Penney failed to make a bona fide offer of selective employment to Ms. Costianis.

The decision of the commission is affirmed.

Affirmed.