COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Lemons
Argued at Alexandria, Virginia


ROBERT A. IRWIN

                                    MEMORANDUM OPINION* BY
v.    Record No. 0416-99-4          JUDGE LARRY G. ELDER
                                    DECEMBER 7, 1999
CONTEMPORARY WOODCRAFTS, INC. AND
 PENNSYLVANIA MANUFACTURERS ASSOCIATION INS. CO.


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            M. Joseph Pierce (Claude D. Convisser;
            Claude D. Convisser & Associates, P.C., on
            briefs), for appellant.

            (Geoffrey S. Gavett; Gavett and Datt, P.C.,
            on brief), for appellees.  Appellees
            submitting on brief.


     Robert A. Irwin (claimant) appeals from the decision of the

Workers' Compensation Commission (commission) denying his

request to require Contemporary Woodcrafts, Inc., and

Pennsylvania Manufacturers Association Insurance Company

(collectively referred to as employer) to provide certain

vocational rehabilitation benefits.  Specifically, claimant

contends the commission erroneously (1) refused to require

employer to pay for vocational retraining in the form of a

two-year associate's degree in computer technology; and (2)

ordered employer to provide a vocational evaluation.  Because

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

claimant has not shown that the requested vocational retraining is "reasonable and necessary" under Code § 65.2-603(A)(3), we hold the commission did not err in refusing to require employer to finance such an endeavor at this time. Further, because the record nevertheless supports a finding that claimant is in need of vocational rehabilitation services and because Code § 65.2-603(A)(3) permits the commission to direct an employer to furnish such services, we affirm the commission's order that employer provide a vocational evaluation.

Code § 65.2-603(A)(3) provides as follows:

> The employer shall . . . furnish or cause to be furnished, at the direction of the Commission, reasonable and necessary vocational rehabilitation services. Vocational rehabilitation services may include vocational evaluation, counseling, job coaching, job development, job placement, on-the-job training, education, and retraining. . . . In the event a dispute arises, any party may request a hearing and seek the approval of the Commission for the proposed services. Such services shall take into account the employee's preinjury job and wage classifications; his age, aptitude, and level of education; the likelihood of success in the new vocation; and the relative costs and benefits to be derived from such services.

The Virginia Supreme Court has defined the term "vocational" as used in that code section as relating to "'training in a specific skill or trade,'" and it has defined "rehabilitation" as "'the process of restoring an individual . . . to a useful and constructive place in society through some form of

- 2 -

vocational . . . or therapeutic retraining.'"  City of Salem v. Colegrove, 228 Va. 290, 294, 321 S.E.2d 654, 656 (1984) (quoting Low Splint Coal Co. v. Bolling, 224 Va. 400, 406 n.2, 297 S.E.2d 665, 668 n.2 (1982)).

Vocational rehabilitation serves dual purposes:  "to restore the employee to gainful employment and to relieve the employer's burden of future compensation."  Id.  Therefore, in determining the appropriateness of a proposed program, the court should consider, in addition to the factors set out in the statute, "'the relative costs and benefits to be derived from the program.'"  Id. (quoting Lancaster v. Cooper Indus., 387 A.2d 5, 9 (Me. 1978)).  What constitutes "'reasonable and necessary vocational rehabilitation training services' authorized by Code § [65.2-603], as applied to a particular claimant's case, . . . is a mixed question of law and fact." Id. at 293, 321 S.E.2d at 656.  The commission's findings of fact will be upheld on appeal if they are supported by credible evidence.  See Code § 65.2-706(A); James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488-89 (1989).

The record supports the finding of the commission regarding the absence of evidence of claimant's aptitude for computer programming and his likelihood of success in the new vocation, factors to be considered under Code § 65.2-603(A)(3).  Claimant admitted concerns over his mathematical ability and said the curriculum required "some fairly intensive math to do the

computer sciences and engineering degree."  He also admitted to having some physical problems using a computer keyboard and said he did not want to enroll in more than nine credit hours a semester until he became more certain of his abilities. Although he testified that he had taken some vocational aptitude tests which indicated his ability to succeed in the program, the results of those tests were not available at the hearing.

Claimant argues that the commission was required to accept as definitive his uncontradicted testimony that he had the requisite physical ability and intellectual aptitude to succeed as a computer programmer.  He cites the principle that "[t]he trier of fact must determine the weight of the testimony and the credibility of the witnesses, but it may not arbitrarily disregard uncontradicted evidence of unimpeached witnesses which is not inherently incredible and not inconsistent with the facts in the record."  Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

Here, the commission did not arbitrarily reject claimant's testimony.  Rather, it considered the basis for claimant's testimony.  Claimant gave factual testimony about his keyboarding ability and his performance on certain aptitude tests.  Based on his having taken two computer courses and spoken with various teachers and people in the industry, he gave testimony regarding his physical and intellectual ability to complete the two- or four-year college programs and to succeed

- 4 -

as a computer programmer.  Therefore, in determining what weight to give claimant's testimony, the commission was entitled to consider the basis for that testimony.  Here the commission was entitled to conclude his testimony was insufficient to meet his burden of proof.

The evidence also fails to establish that the associate's degree, standing alone, would qualify claimant for a job in computer programming or, even if it did, that the benefit to claimant and employer from such a job, financial or otherwise, would justify the cost to employer of claimant's completing the two- or four-year program under the facts of this case. Claimant opined that the associate's degree would qualify him for few if any computer-related jobs and provided no evidence, other than his own opinion, regarding the one position he identified specifically--in the school's computer lab.  He also provided no evidence other than his own opinion regarding his likelihood of finding employment in the field with a four-year degree.  Claimant freely admitted that his ultimate goal was to earn a master's degree in computer programming and obtain a job earning substantially more than his pre-injury wage.  Although "such self-improvement is highly laudable," Colegrove, 228 Va. at 294, 321 S.E.2d at 656, any vocational rehabilitation required under the statute must take into consideration the employee's pre-injury job and wage classification, his likelihood of success in his new vocation and the relative costs

and benefits to both claimant and employer. Here, assuming claimant had the ability to complete the two- or four-year program, the evidence supports a finding that the benefits from such an education to claimant and employer are speculative at best.

Based on this evidence, we cannot conclude the commission erred in holding that claimant failed to prove the associate's degree program was "reasonable and necessary" under Code § 65.2-603(A)(3).

Claimant also contends that the commission lacked the authority to order employer to perform a vocational evaluation in the absence of a request from the employer for such an evaluation. We disagree. Code § 65.2-603(A)(3) specifically states that "[t]he employer shall . . . furnish or cause to be furnished, <u>at the direction of the commission</u>, reasonable and necessary vocational rehabilitation services" and that such services "<u>may include</u> vocational evaluation" and the like. Code § 65.2-603(A)(3) (emphasis added); <u>cf.</u> <u>United Parcel Serv. of America, Inc. v. Godwin</u>, 14 Va. App. 764, 768, 418 S.E.2d 910, 913 (1992) (upholding commission's authority to direct employer to retrain employee if it could not find him employment comparable to his pre-injury employment). Such authority does not require a request from either the employer or the claimant. Such an order also is reasonable under the facts of this case. Although claimant appears to possess marketable job skills, he

had been unemployed for almost two years at the time of the hearing before the deputy commissioner, due in part to the inability of claimant and employer's vocational consultant to agree on suitable work or retraining options for him. Therefore, we view the commission's order to employer to evaluate claimant's aptitude "specifically in the area of computer technology," an area in which claimant has expressed a strong interest, as more than appropriate under Code § 65.2-603.

For these reasons, we hold the commission did not err (1) in refusing to require employer to pay claimant's community college tuition and expenses at this time or (2) in requiring employer to provide a vocational evaluation. Therefore, we affirm the commission's ruling.

<u>Affirmed.</u>