COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge McClanahan[*] and Senior Judge Clements
Argued at Richmond, Virginia and by teleconference[1]


HOMESCAPES, LTD. AND COMMONWEALTH
 CONTRACTORS GROUP SELF-INSURANCE
 ASSOCIATION
                                                    MEMORANDUM OPINION[**] BY
v.      Record No. 2536-10-2               JUDGE ELIZABETH A. McCLANAHAN
                                                    AUGUST 9, 2011
STEPHEN BRUCE ANDERSON, JR.


               FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

               R. Ferrell Newman (Newman & Wright, RLLP, on brief), for
               appellants.

               Jean M. McKeen (Tomlin & McKeen, PLLC, on brief), for appellee.


       Homescapes, Ltd. and its insurer (collectively "Homescapes") appeal a decision of the

Workers' Compensation Commission finding Homescapes failed to prove Stephen Bruce Anderson,

Jr. (Anderson) unjustifiably refused to cooperate with vocational rehabilitation services.

---

        [*] Justice McClanahan prepared and the Court adopted the opinion in this case prior to her
investiture as a Justice of the Supreme Court of Virginia.

        [1] Anderson's counsel failed to appear for the oral argument in Richmond.  Although
counsel for Homescapes appeared and presented argument, the argument was not recorded.
Anderson's counsel filed a motion requesting an extension of time to present argument, which
we granted.  We also requested counsel for both parties respond to the following questions:
1. Assuming the commission held the employee was not medically released to work, how does
that finding affect arguments presented in the briefs on appeal? and 2. Is any asserted error
regarding a valid work release waived because that assignment of error was not included in
appellants' brief as required by Rule 5A:20(c)?  Counsel for both parties presented argument by
teleconference addressing these questions and the issues raised in the briefs.

        [**] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On appeal from a decision of the commission, "we view the evidence in the light most favorable to the party prevailing below" and grant to that party the benefit of all reasonable inferences. Tomes v. James City Fire, 39 Va. App. 424, 429-30, 573 S.E.2d 312, 315 (2002) (citation omitted); see also Grayson Sch. Bd. v. Cornett, 39 Va. App. 279, 281, 572 S.E.2d 505, 506 (2002). Anderson suffered a compensable back injury on June 29, 2005. He was awarded total temporary disability benefits from June 30 through August 21, 2005, and from October 12, 2006, and continuing.

On January 16, 2009, Dr. Harold F. Young signed a "Work Capabilities" form for Anderson, on which only certain sections were completed. Dr. Young indicated Anderson could never lift more than 26 pounds, could use his hands in fine manipulation and simple grasping, could operate a motor vehicle, and could tolerate exposure to gasses, fumes, dust, and weather extremes. Dr. Young did not indicate whether Anderson could lift less than 26 pounds and did not complete the section regarding postures. Dr. Young did not answer the questions asking whether Anderson had reached maximum medical improvement and whether Anderson could return to work. After the work capabilities form was signed, Homescapes assigned Lori A. Cowan the role of vocational rehabilitation coordinator to assist Anderson in obtaining gainful employment. In this connection, Cowan met with Dr. Young and Anderson on February 18, 2009, to clarify Anderson's work capabilities. As noted in his medical records, Dr. Young told Cowan and Anderson that Anderson needed vocational rehabilitation because Anderson only had a ninth grade education and a history of working in the labor industry. Dr. Young believed Anderson should be retrained for a light sedentary position and was best suited for work in restaurant management or information technology. According to Cowan, Dr. Young gave no restrictions on standing, walking, or hours of work. On March 5, 2009, Dr. Singh, Anderson's treating psychiatrist, noted in his records that

Anderson had been released to very limited work and was running errands for his parents at their restaurant.

From March 19, 2009 through June 4, 2009, Cowan, on behalf of Homescapes, attempted to conduct vocational assessment testing, GED registration, and develop a vocational rehabilitation plan for Anderson. On June 12, 2009, Homescapes filed an application for termination of benefits on the ground that Anderson failed to cooperate with these reasonable vocational rehabilitation efforts. Anderson defended the claim on the grounds that he was never medically released to work, he did not unreasonably refuse vocational rehabilitation efforts, and any refusal was justified. Contrary and conflicting evidence was presented by the parties about whether Anderson reasonably cooperated with Homescapes' vocational rehabilitation efforts by virtue of the circumstances surrounding Anderson's scheduling of and attendance at meetings and appointments, as well as attitude, or lack thereof.

The deputy commissioner found that Anderson was released to return to some form of work in January 2009 as approved by Dr. Young and that Cowan started a reasonable vocational rehabilitation plan to attempt to return Anderson to some form of employment. The deputy commissioner further found that while Anderson may have scheduled sessions with his personal trainer to conflict with his meetings with Cowan, he made a *bona fide* attempt to cooperate with Cowan. The deputy commissioner concluded that Homescapes failed to prove by a preponderance of the evidence that Anderson unjustifiably refused to cooperate with its vocational rehabilitation efforts.

The commission affirmed the decision of the deputy commissioner. Although it found that the work capabilities form signed by Dr. Young on January 16 lacked sufficient information to be a *bona fide* release, it noted that Dr. Young told Cowan in February that Anderson should be retrained for a light sedentary position. The commission concluded Anderson had attempted to comply with

Cowan's job search efforts and was taking steps to obtain training that may allow him to return to gainful employment.

After an award of benefits, an employer owes a duty to an injured employee to provide "reasonable and necessary vocational rehabilitation services." Code § 65.2-603(A)(3). "The unjustified refusal of the employee to accept such . . . vocational rehabilitation services when provided by the employer shall bar the employee from further compensation until such refusal ceases," Code § 65.2-603(B), since the unjustified refusal to cooperate with such services is tantamount to unjustified refusal of selective employment, James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 490 (1989). [2] Whether the employee has unjustifiably refused to cooperate with vocational rehabilitation services is a question of fact to be determined from the totality of the evidence. See Newport News Shipbuilding & Dry Dock Co. v. Lawrence, 38 Va. App. 656, 663, 568 S.E.2d 374, 377 (2002); UPS v. Godwin, 14 Va. App. 764, 767, 418 S.E.2d 910, 912 (1992). As such, the commission's finding on this issue is conclusive and binding upon us if credible evidence exists in the record to support its finding. Newport News Shipbuilding, 38 Va. App. at 663, 568 S.E.2d at 377. "In determining whether credible evidence exists," this Court will not "retry the facts, reweigh the preponderance of the evidence,

---

[2] The commission has held that an employee has "no obligation to work with vocational rehabilitation" until medically released to return to employment. Gardner v. Legum Home Health/Home I.V. Care & Nutritional Svc., VWC File No. 151-44-07, 1995 Wrk. Comp. LEXIS 186 (Apr. 19, 1995). Because neither party addressed the significance of the commission's finding that the work capabilities form was not a *bona fide* release to work, we requested argument from counsel regarding how this finding affected their respective arguments. We agree with Homescapes that although the commission found the form, in and of itself, was not a release to work, it further found other evidence in the record established that Anderson was released to work in a light sedentary position. This finding is apparent from the commission's discussion of Dr. Young's meeting with Cowan to clarify the form and its analysis of whether Anderson cooperated with Cowan's efforts to return him to employment within the restrictions specified by Dr. Young.

or make its own determination of the credibility of the witnesses." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991) (citation omitted).

We believe credible evidence supports the commission's finding that Homescapes failed to prove Anderson unjustifiably refused to cooperate with vocational rehabilitation services. As the commission noted, Anderson may have scheduled sessions with his personal trainer that conflicted with his appointments with Cowan, but he attended the majority of his appointments with Cowan and phoned her if there was a conflict.[3] Anderson registered for the GED program as suggested by Cowan and made an effort to do the course work but found it difficult due to his physical and mental limitations. Anderson indicated a willingness to work in the restaurant field and, in particular, to enroll in the Positive Vibe Café program. On the record, based on the totality of the evidence, and viewed in the light most favorable to Anderson, there is credible evidence to support the commission's finding and we, therefore, affirm the decision of the commission.

<u>Affirmed.</u>

---

[3] The only time Anderson failed to appear for an appointment without phoning Cowan was the appointment scheduled on April 1. However, Anderson's father testified that there was confusion about whether Anderson had an appointment with Cowan or his mental health counselor. The evidence in the record confirms that Anderson was being treated for bipolar disorder and was even hospitalized for this condition in July 2009.