COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Elder, Frank and Petty
Argued at Salem, Virginia


LANTZ CONSTRUCTION COMPANY AND
 CINCINNATI INSURANCE COMPANY
                                                        MEMORANDUM OPINION[*] BY
v.        Record No. 0016-13-3                          JUDGE WILLIAM G. PETTY
                                                           JUNE 11, 2013
MICHAEL B. ADAMS


           FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

           Robert M. Himmel (Lucas & Kite, PLC, on brief), for appellants.

           Michael L. Ritchie (Ritchie Law Firm, PLC, on brief), for appellee.


        Lantz Construction Company (employer) and its workers' compensation insurer appeal the

decision of the Virginia Workers' Compensation Commission (commission) ordering employer to

pay for a "left side denervation procedure" to the lower back of Michael B. Adams (claimant).  On

appeal, employer argues that claimant failed to establish a causal relationship between this medical

procedure and claimant's compensable August 13, 2009 injury to his back.  For the following

reasons, we affirm the commission's decision in this case.

                                              I.

        Because the parties are fully conversant with the record in this case and this memorandum

opinion carries no precedential value, we recite below only those facts and incidents of the

proceedings as are necessary to the parties' understanding of the disposition of this appeal.  "On

appeal from the commission, we view the evidence in the light most favorable to claimant, the party

prevailing below."  Starbucks Coffee Co. v. Shy, 61 Va. App. 229, 233, 734 S.E.2d 683, 685

--------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(2012). Furthermore, "[m]atters of weight and preponderance of the evidence, and the resolution of conflicting inferences fairly deducible from the evidence, are within the prerogative of the commission and are conclusive and binding" on this Court. Kim v. Sportswear, 10 Va. App. 460, 465, 393 S.E.2d 418, 421 (1990).

## II.

Code § 65.2-603(A)(1) states, in pertinent part, "As long as necessary after an accident, the employer shall furnish or cause to be furnished, free of charge to the injured employee, . . . necessary medical attention." An employer is not responsible for medical treatment unless the treatment is "causally related to the industrial injury." Volvo White Truck Corp. v. Hedge, 1 Va. App. 195, 199, 336 S.E.2d 903, 906 (1985). It is "the claimant's burden to demonstrate that the treatment for which he seeks payment is causally related" to that compensable injury. Portsmouth Sch. Bd. v. Harris, 58 Va. App. 556, 563, 712 S.E.2d 23, 26 (2011). But "[t]he commission's determination regarding causation is a finding of fact." Tex Tech Indus. v. Ellis, 44 Va. App. 497, 504, 605 S.E.2d 759, 762 (2004).

> When reviewing workers' compensation cases, we defer to [the commission's] factual findings. Code § 65.2-706(A); Hawks v. Henrico [Cnty.] Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988). "If there is evidence, or reasonable inferences can be drawn from the evidence, to support the commission's findings, they will not be disturbed on review, even though there is evidence in the record to support a contrary finding." Morris v. Badger Powhatan/Figgie Int'l, Inc., 3 Va. App. 276, 279, 348 S.E.2d 876, 877 (1986).

Amelia Sand Co. v. Ellyson, 43 Va. App. 406, 408, 598 S.E.2d 750, 751 (2004). Viewing the evidence in the light most favorable to claimant, "'there was credible evidence presented such that a reasonable mind could conclude that the fact in issue was proved.'" Perry v. Delisle, 46 Va. App. 57, 67, 615 S.E.2d 494, 497 (2005) (quoting Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988)).

- 2 -

Here, it is undisputed that claimant suffered a compensable injury to his lower back while lifting heavy machinery at work on August 13, 2009. On April 5, 2011, claimant sought commission authorization for the disputed denervation procedure to the left side of his back. Employer's insurer had already paid for a denervation to the right side of claimant's back that was performed on June 25, 2010, but it contested claimant's application for the left-side denervation on the ground that there was not a causal relationship between that medical treatment and claimant's compensable injury. The parties agreed to an on-the-record determination by the deputy commissioner. The exhibits received by the deputy commissioner included the commission's prior opinion that awarded claimant temporary total disability benefits,[1] which recounted medical treatment that is also relevant in this proceeding.

After claimant suffered his workplace injury on August 13, 2009, he was initially treated by Dr. Daria Kiselica, who diagnosed claimant with a bilateral middle and lower back strain. When physical therapy and work restrictions proved ineffective to treat claimant's back pain, Dr. Kiselica recommended an MRI, which was performed on September 23, 2009 and revealed a protruded herniated disc at the L5-S1 level. Dr. Kiselica referred claimant to Dr. Mark Shaffrey of University of Virginia Health System for an orthopedic evaluation. After evaluating claimant on October 14, 2009, Dr. Shaffrey noted that claimant had "a 2-month history of intense low back pain with bilateral lower extremity radiating pain" that was "all stemming from a lifting injury at work . . . on August 13, 2009."

Dr. Shaffrey diagnosed claimant with L5-S1 bilateral radicular symptoms and recommended conservative therapy with bilateral epidural steroid injections at the L5-S1 level. Claimant then began receiving treatment from Dr. Kevin Vorenkamp and other physicians from the University of

---

[1] Although employer never disputed the compensability of claimant's August 13, 2009 back injury, employer did challenge his request for temporary total disability benefits. Claimant prevailed in the commission on that issue, and this Court affirmed that award. See Lantz Constr. Co. v. Adams, No. 1059-11-3 (Va. Ct. App. Sep. 27, 2011).

Virginia Health System's Pain Management Center. There, claimant underwent a series of steroid injections and diagnostic lumbar medial branch blocks. On June 25, 2010, Dr. Lynn Kohan performed a right-side denervation procedure, which employer's insurer paid for on October 28, 2010.

On January 18, 2011, Dr. Vorenkamp noted that claimant "describes mostly left-sided pain," and he indicated that claimant had "[s]evere facet arthropathy from L2-L3 through L5-S1 and multilevel degenerative disease, worst at L5-S1." Focusing on claimant's left-side pain at that time, Dr. Vorenkamp performed a medial branch block and instructed claimant to fill out a pain log. Dr. Vorenkamp's notes from the January 18, 2011 appointment indicated that, if claimant reported a significant benefit from the medial branch block, then claimant should "return in several weeks for the radiofrequency denervation procedure." When claimant reported reduced pain levels at an appointment on March 1, 2011, the left-side denervation procedure that is the subject of this appeal was scheduled.

On April 28, 2011, Dr. Matthew Pollard performed an independent medical evaluation of claimant. In his report, Dr. Pollard stated that claimant suffered from "a complex history of chronic pain that has evolved over the last year and a half" and that "there is some degree of inherent uncertainty in diagnosing the cause of chronic pain and devising a treatment program." Dr. Pollard suspected that claimant "sustained a muscular strain injury to his back" on August 13, 2009, as well as "a lumbar disc injury at L5/S1," which "became a significantly symptomatic pain generator for him." Subject to conducting "additional studies to try to define the true cause of [claimant's] pain," Dr. Pollard also suggested that "the primary anatomic injury ha[s] now resolved, and we are dealing with a new problem related to lumbar degeneration." In response to employer's prepared questions, Dr. Pollard opined that claimant's current symptoms were "[p]robably" causally related to the August 13, 2009 workplace accident and that there was "[p]robably" an objective basis to link

claimant's continuing complaints of pain to the workplace accident, but that he did not believe that the requested denervation procedure was reasonable and medically necessary or causally related to the workplace accident.

The deputy commissioner found that the left-side denervation procedure was not causally related to claimant's compensable workplace accident, but a majority of the full commission reversed this finding. In its review opinion, the commission found that claimant was initially diagnosed with a "bilateral middle and low back strain"; that claimant was referred to Dr. Shaffrey after the MRI showed "a herniated disc at L5-S1"; that Dr. Shaffrey "opined that the claimant's bilateral lower extremity pain and muscle spasms were related to the work accident"; that claimant was referred to Dr. Vorenkamp specifically to treat this pain; that, according to the commission's prior decision awarding claimant temporary total disability benefits, "claimant's continuing disability is related to his compensable back injury"; and that Dr. Pollard opined that "claimant's current symptoms are probably related to the compensable back injury." Based on these circumstances, the commission found there was "a continuing causal relationship between medical attention recommended by the treating physician and the work accident" and that there was "no contrary medical evidence on this point."

Under the established standard of review on appeal, this Court must defer to the commission's finding on causation if it was supported by credible evidence in the record. See Diaz v. Wilderness Resort Ass'n, 56 Va. App. 104, 114, 691 S.E.2d 517, 522 (2010) (holding that this Court "must defer to the commission's findings of fact if supported by credible evidence in the record"). We disagree with employer's argument that the absence of opinion evidence from Dr. Vorenkamp—or any other treating physician—that the recommended left-side denervation procedure was causally related to claimant's compensable injury leaves the record without any credible evidence supporting the commission's finding of causation. A claimant "is not required to

- 5 -

produce a physician's medical opinion in order to establish causation." <u>Farmington Country Club, Inc. v. Marshall</u>, 47 Va. App. 15, 26, 622 S.E.2d 233, 239 (2005).

Furthermore, in determining whether credible evidence exists, an appellate court does not retry the facts or reweigh the evidence. <u>Wagner Enterprises, Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). Claimant, as the prevailing party in the commission, "benefits from all reasonable inferences from the evidence." <u>S&S Elec., Inc. v. Markulik</u>, 61 Va. App. 515, 527, 738 S.E.2d 512, 518 (2013). Here, claimant reported bilateral back pain immediately following the August 13, 2009 workplace injury, and an MRI conducted six weeks after the injury revealed a herniated disc at L5-S1. The commission accepted and gave significant weight to Dr. Shaffrey's October 14, 2009 opinion that claimant's bilateral back pain was causally related to the workplace injury, as the commission was entitled to do. Claimant then received consistent treatment from Dr. Vorenkamp and his associates in order to reduce his back pain. Such treatment included a right-side denervation procedure, which was paid by employer's insurer. Viewing the evidence in the light most favorable to claimant, it was entirely reasonable for the commission to infer that Dr. Vorenkamp's recommendation for a similar procedure on claimant's left side was also for the purpose of treating the bilateral pain that resulted from claimant's compensable injury. <u>See</u> <u>H.J. Holz & Son v. Dumas-Thayer</u>, 37 Va. App. 645, 655, 561 S.E.2d 6, 11 (2002) (holding that "'necessary medical attention' as that phrase is used in Code § 65.2-603(A)(1) includes palliative treatment").

Moreover, the commission did not err in deriving further support for its decision from Dr. Pollard's report of his independent medical evaluation of claimant. In his report, Dr. Pollard opined that claimant's symptoms in his back "[p]robably" were casually related to claimant's August 13, 2009 compensable workplace accident. Employer argues that the commission

misinterpreted Dr. Pollard's report and failed to consider the full context of his opinions.[2] However, the commission "is free to adopt that view [of conflicting medical evidence] 'which is most consistent with reason and justice.'" Georgia-Pacific Corp. v. Robinson, 32 Va. App. 1, 5, 526 S.E.2d 267, 269 (2000) (quoting C.D.S. Const. Servs. v. Petrock, 218 Va. 1064, 1070, 243 S.E.2d 236, 240 (1978)). Acting as fact finder, the commission was entitled to accept the portion of Dr. Pollard's report indicating a probable relationship between claimant's back pain and the workplace accident and to give that opinion appropriate weight in determining that the disputed left-side denervation procedure had a causal relationship to claimant's compensable injury.

III.

Credible evidence supports the commission's finding that the left-side denervation procedure recommended by Dr. Vorenkamp was casually related to claimant's compensable injury for purposes of Code § 65.2-603(A)(1). Accordingly, for the foregoing reasons, we affirm the commission's decision.

Affirmed.

---

[2] Employer's reliance on Howell Metal Co. v. Adams, 35 Va. App. 184, 543 S.E.2d 629 (2001), is misplaced. There, the commission erred in relying on two physicians' tentatively phrased opinions on causation when both physicians expressly stated that they lacked pertinent medical information about the employee. Id. at 188, 542 S.E.2d at 631. In this case, by contrast, Dr. Pollard was aware of claimant's pertinent medical history but also stated that he would conduct "additional studies" if he were the physician treating claimant.